KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gurdayal Singh,<br><br>  Petitioner,<br><br>v.<br><br>John E. Cantu, et al.,<br><br>  Respondents. | No.  CV-26-00860-PHX-KML (MTM)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention.[1] (Doc. 1.)

Petitioner entered the United States in 2023, and, after a short period of detention, was released on his own recognizance pending his immigration proceedings. On December 7, 2025, Petitioner was re-detained by Customs and Border Protection officials without a pre-deprivation hearing. Petitioner seeks release from custody.

Numerous courts have concluded individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025)

---

[1] Petitioner has also filed a Motion for Temporary Restraining Order. Because the Court will require Respondents to show cause why the Petition should not be granted, the Court finds preliminary injunctive relief is not warranted at this time. The Court will deny the Motion for Temporary Restraining Order.

("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied** without prejudice.

(2) Counsel for Petitioner must immediately serve the Petition (Doc. 1) upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(5) Respondents must show cause no later than **February 17, 2026**, why the Petition should not be granted.

. . . .

. . . .

. . . .

. . . .

(6)  Petitioner may file a reply no later than **February 19, 2026**.

Dated this 10th day of February, 2026.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge