**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Gurdayal Singh,

           Petitioner,

v.

John E Cantu, et al.,

           Respondents.

No. CV-26-00860-PHX-KML (MTM)

**ORDER**

Petitioner Gurdayal Singh filed this action challenging his immigration detention. His petition stated, and he provided documents supporting, that he had previously entered the United States without inspection and was released on conditional parole under 8 U.S.C. § 1226(a)(2)(B). (Docs. 1 at 2, 13-14; 2 at 8.) He applied for asylum in 2023—an application which apparently still remains pending—and by September 2024, he had received work authorization and was no longer "subject to enhanced reporting or check in requirements" as terms of his parole. (Docs. 1 at 14; 2 at 25.) He was arrested in December 2025 as he passed through a truck stop. (Docs. 1 at 14; 2 at 13-14.) Agents detained him as a flight risk because the truck in which he was riding (as a professed resident of California) bore California license plates. (Doc. 1 at 14; 2 at 14.) He has remained in detention at the Eloy Detention Center ever since. (Doc. 2 at 5.) Singh requested that he be immediately released and not detained without a bond hearing. (Doc. 1 at 19.)

The court ordered respondents to show cause why the petition should not be granted, citing cases that had "concluded individuals like Petitioner, who were released from

immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process." (Doc. 8 at 1-2.) The order also required respondents to support any response with "documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury." (Doc. 8 at 2.)

Respondents seem to agree, as Singh's documents support, that he was classified as an alien who entered without inspection. (Doc. 10 at 1; *see also* Doc. 10 at 2 (citing 8 U.S.C. § 1226(a) in analyzing whether Singh was entitled to a pre-deprivation hearing).) They concede that in that status, if he "were to be re-arrested and detained by ICE, he is entitled to a review of custody determinations." (Doc. 10 at 2.) Confusingly, most of the response is then devoted to arguing Singh is "properly detained under 8 U.S.C. § 1225(b)(2)(A)" as an arriving alien who "presented themselves for inspection at a port of entry" and addresses the due process rights of individuals temporarily paroled under the statute and regulation associated with § 1225. (Doc. 10 at 4-8.) Respondents did not provide evidence supporting their contention that Singh presented himself for inspection at a port of entry and did not address Singh's exhibits showing otherwise.

Singh has provided documents showing he was classified under § 1226 years before he was re-detained. (Doc. 2 at 8.) To the extent respondents have now attempted to reclassify him as an arriving alien subject to mandatory detention under § 1225, the court rejects that position for the reasons described in many recent orders and based on respondents' failure to provide documentary evidence supporting its argument as the order to show cause required. *See, e.g.*, *Martinez v. Figueroa*, Doc. 7, 2:26-cv-3241-KML-JFM (D. Ariz. May 15, 2026). Having found Singh was and is properly classified under 8 U.S.C. § 1226, then re-arrested and detained without a hearing, the court accepts respondents' concession that "he is entitled to a review of custody determinations" (Doc. 10 at 2). *See Tamarit-Ferrer v. Rivas*, CV-25-04886-PHX-DWL (MTM), 2026 WL 295687, at *2 (D. Ariz. Feb. 4, 2026) (collecting cases holding aliens detained under § 1226(a), even if officials incorrectly classified them, are entitled to bond hearings). Respondents did not

address Singh's contention that they should bear the burden of proof by clear and convincing evidence at a bond hearing, so they have waived any argument to the contrary. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue") (simplified).

The petition (Doc. 1) is therefore **granted** to the extent that on or before **June 8, 2026**, respondents must provide Singh with a bond hearing before a neutral arbiter, at which respondents must justify Singh's continued detention by a showing of clear and convincing evidence that he would likely flee or pose a danger to the community if released, or alternatively release Singh from custody under the same conditions that existed before his detention. The petition is otherwise denied.

**IT IS ORDERED**:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **granted**.

2. Respondents must provide petitioner a bond hearing on or before **June 8, 2026**, or release petitioner from custody under the same conditions that existed before petitioner's detention.

3. Respondents must provide a notice of compliance within **three days** of releasing petitioner or providing petitioner a bond hearing, **including the outcome of the bond hearing**.

4. Any pending motions are denied as moot and the clerk of court shall enter judgment in petitioner's favor and close this case.

Dated this 2nd day of June, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -